DENNIS M. CHARNEY ISB# 4610
**CHARNEY & ASSOCIATES, PLLC**
1191 E. Iron Eagle Dr.
Eagle, ID 83616
Telephone: (208) 938-9504
Facsimile: (208) 938-9500

Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE IF IDAHO, IN AND FOR THE COUNTY OF VALLEY

| | |
|---|---|
| JERRY RAY BARNETT and RICHARD GETTY, | )<br>)<br>) |
| Plaintiffs, | ) Case No. CV-2010-92C<br>) |
| v. | )<br>) **COMPLAINT AND DEMAND FOR A** |
| ALFREDO MIGUEL, PEPE MIGUEL and ALFREDO MIGUEL JR., | ) **JURY TRIAL**<br>)<br>) |
| Defendants. | )<br>) |

Plaintiffs, by and through their attorney of record, Dennis M. Charney, of the firm Charney and Associates, PLLC, as and for a cause of action against the Defendants, state and allege as follows:

## STATUS OF PARTIES

### Status of Plaintiffs

1. Jerry Ray Barnett is an individual who is domiciled in the State of Washington.

2. Richard Getty is an individual who is domiciled in the State of Washington.

### Status of Defendants

3. Alfredo Miguel is an individual who is domiciled in the country of Mexico.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 1**

4. Alfredo Miguel Jr. is an individual who is domiciled in the country of Mexico.

5. Pepe Miguel is an individual who is domiciled in the country of Mexico.

## JURISDICTION AND VENUE

6. <u>Jurisdiction.</u> Jurisdiction lies in the District Court of the Fourth Judicial District of the State of Idaho as the dispute between the Plaintiffs and the Defendants arose in Idaho and the amount in controversy exceeds $10,000.00.

7. <u>Venue.</u> Venue lies in Valley County, Idaho, as the acts giving rise to this complaint occurred in Valley County, Idaho.

## GENERAL FACTUAL ALLEGATIONS

8. The Defendants are individuals who reside in the country of Mexico but conduct business affairs outside their home country. Sometime in 2005 the Defendants became aware of the fact that the Plaintiffs were individuals interested in pursuing various investment opportunities both within and without the United States.

9. The Defendants established several business relationships with the Plaintiffs including, but not limited to, investments in the Tamarack ski area and as well as the development of a property entitled Red Ridge, both projects being located near McCall, ID.

10. In 2005 and 2006 the Defendants collectively approached the Plaintiffs regarding three business opportunities in the country of Mexico. In summary, significant percentages of stock ownership in three Mexican companies were offered to the Plaintiffs by the Defendants. As part of these offerings, the Defendants collectively and individually made promises and representations in order to induce the Plaintiffs to invest. These representations occurred in Valley County, Idaho and other places.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 2**

11. The names of the three companies were Interbrands, LLC, Concepublica and IMU respectively.

12. With respect to Interbrands, the Plaintiffs were promised 40% of the company in exchange for an investment of $1,000,000. They were required to make an initial payment of $500,000, an obligation which they honored, and to invest additional capital as the needs of the company dictated. In exchange for the investment, the Plaintiffs were advised by the Defendants that they would be issued original stock certificates in the corporation, would participate in profit sharing, would receive financial reports as well as the other benefits of being a large shareholder in such a corporation. Although the Plaintiffs wired the money as promised, the Defendants failed to provide the certificates, have offered no information as to profits and losses, have failed to keep in contact with the Plaintiffs regarding the investment and have offered no proof that the funds wired were actually utilized for their intended purpose.

13. Next, the Plaintiffs were offered an investment opportunity in Concepublica by the Defendants. In reliance on various statements made by the Defendants, the Plaintiffs invested the sum of $3,500,000 for a 40% ownership interest in Concepublica. The Plaintiffs were advised that Concepublica manages concessions for bus terminals throughout Mexico. These funds were to be used for the Azteca Shopping Center/Bus Terminal in Mexico City. The Plaintiffs were to receive the same benefits that they were to enjoy with the Interbrands investment. However, contrary to their promises, the Defendants failed to live up to any of their obligations. On information and belief if appears that the Defendants approached a wealthy investor residing in Mexico and, after receiving money from the Plaintiffs, sold the investor on the same idea, convinced him to invest and issued shares rightfully belonging to the Plaintiffs to this individual.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 3**

14. As a further inducement to invest, the Defendants promised a cash flow within two years of the investment. This was important to the Plaintiffs as the funds invested were taken from a line of credit that needed to be paid on a monthly basis with the cash proceeds from Concepublicas business operations. The Defendants were well aware that the Plaintiffs would go into debt to make this investment. To date not a single promised payment has been made. Further, the Defendants have failed to account for any of the money invested, how it was used or if it even was invested in the project as promised.

15. The Defendants also convinced the Plaintiffs to make a significant investment in IMU. Based on promises and inducements made by the Defendants, the Plaintiffs invested the sum of $5,500,000 in IMU S.A. In exchange for their investment they were to receive a 30% interest in IMU as well as the benefits set forth above. The Defendants stated that IMU was engaged in the business of advertising throughout the country of Mexico. They further promised that the business was well established and had been in operation for several years. Another strong selling point advanced by the Defendants was the claim that Clear Channel Communications was close to purchasing the company within the period of one year from the investment. They were promised that such a sale would result in a tremendous and quick profit.

16. The shares the Plaintiffs were to own were supposedly owned by the Defendants. Thus, if owned, they clearly had the ability to immediately transfer said ownership to the Plaintiffs. The Plaintiffs were also promised a cash flow much greater than the debt service required to make the investment.

17. With respect to IMU, the Defendants never issued or transferred the shares as promised. Although asked on many occasions, they have never offered an accounting for how the funds invested were spent. Further, contrary to their promise of regular and consistent

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 4**

payments, the Plaintiffs failed to make said payments or offer an explanation as to why said payments have not been forthcoming.

18. It also appears that the Plaintiffs may have had prior contractual obligations regarding these shares which operated to prevent their transfer to the Plaintiffs. If so, they fraudulently induced the Plaintiffs to invest well knowing they had no ability to honor their end of the negotiated deal.

## COUNT ONE

### RACKETEERING
### Idaho Code Section 18-7804

19. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

20. The Defendants, are "persons" within the meaning of Idaho Code § 18-7803(b).

21. The businesses named above are "enterprises" as defined by Idaho Code § 18-7803(c).

22. The Defendants participated in a pattern of racketeering activity, as defined by Idaho Code § 18-7803(d) by committing numerous instances of securities fraud and grand theft, all felonies, by engaging in at least two (2) incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics.

23. The pattern of racketeering activity was committed as follows:

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 5**

## PREDICATE OFFENSE NO. 1

### SECURITIES FRAUD
### Idaho Code Section 30-14-501

24. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

25. On or between the fall of 2005 and continuing into 2006 the Plaintiffs and Defendants met on several occasions to discuss the investment opportunities outlined above.

26. During the course of those meetings the Defendants made numerous promises to the Plaintiffs. Specifically, that 1) the Plaintiffs would own 40% of Interbrands; 2) original stock certificates would be issued to the Plaintiffs; 3) the Plaintiffs would be able to participate in profit sharing; and 4) the Plaintiffs would receive financial reports and other financial benefits if they invested.

27. The Defendants' representations were false.

28. At the time the Defendants made the representations to the Plaintiffs the Defendants knew the statements to be untrue.

29. The representations made by the Defendants were material because the Plaintiffs were investing from a line of credit and the promise of profit sharing was significant in their decision to invest and having an ownership interest was also important to the Plaintiffs.

30. The Defendants intended for the Plaintiffs to rely on the misrepresentations and used those false representations to induce the Plaintiffs into investing with Interbrands.

31. The Plaintiffs did in fact rely on the Defendants' representations in choosing to invest through the Defendants.

32. The Plaintiffs did not know at the time the representations were made that they were false.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 6**

33. The Plaintiffs reasonably relied on the representations of the Defendants

34. The Plaintiffs have been injured by the fraud of the Defendants because the Plaintiffs invested $500,000 in Interbrands, through the Defendants, but no original certificates of have been issued, no profit sharing has occurred, and no information as to the status of the company or invested money have been provided to the Plaintiffs. Consequently, the Plaintiffs have suffered losses in the amount of not less than $500,000, the exact amount to be proven at trial.

35. The Defendants made the representations described above as part of a scheme to defraud the Plaintiffs.

36. The representations were material and untrue, and/or the Defendants omitted to disclose material facts that, in the light of the representations made, resulted in the representations to be misleading.

37. The Defendants engaged in an act, practice, or course of business which operated as a fraud against the Plaintiffs as detailed in the preceding paragraphs.

38. As a result of the fraud perpetrated on them by the Defendants, the Plaintiffs lost the entire amount of their principle investment plus interest.

### PREDICATE OFFENSE NO. 2

### SECURITIES FRAUD
### Idaho Code Section 30-14-501

39. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

40. On or between the fall of 2005 and continuing into 2006 the Plaintiffs and Defendants met on several occasions to discuss the investment opportunities outlined above.

41. During the course of those meetings the Defendants made numerous promises to the Plaintiffs. Specifically, that 1) the Plaintiffs would own 40% of

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 7**

Concepublica; 2) original stock certificates would be issued to the Plaintiffs; 3) the Plaintiffs would be able to participate in profit sharing; 4) the Plaintiffs would receive an immediate cash flow from the investment; and 5) the Plaintiffs would receive financial reports and other financial benefits if they invested.

42. The Defendants' representations were false.

43. At the time the Defendants made the representations to the Plaintiffs the Defendants knew the statements to be untrue.

44. It appears that the Defendants ultimately sold the stock/ownership in Concepublica owed to the Plaintiffs to a wealthy Mexican investor.

45. The representations made by the Defendants were material because the Plaintiffs were investing from a line of credit and the promise of profit sharing in addition to an immediate cash flow was significant in their decision to invest. An ownership interest was also important to the Plaintiffs.

46. The Defendants intended for the Plaintiffs to rely on the misrepresentations and used those false representations to induce the Plaintiffs into investing with Concepublica.

47. The Plaintiffs did in fact rely on the Defendants' representations in choosing to invest through the Defendants.

48. The Plaintiffs did not know at the time the representations were made that they were false.

49. The Plaintiffs reasonably relied on the representations of the Defendants

50. The Plaintiffs have been injured by the fraud of the Defendants because the Plaintiffs invested $3,500,000 in Concepublica, through the Defendants, but no original certificates of have been issued, no profit sharing has occurred, no cash flow has occurred, and no information as to

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 8**

the status of the company or invested money have been provided to the Plaintiffs. Consequently, the Plaintiffs have suffered losses in the amount of not less than $3,500,000, the exact amount to be proven at trial.

51. The Defendants made the representations described above as part of a scheme to defraud the Plaintiffs.

52. The representations were material and untrue, and/or the Defendants omitted to disclose material facts that, in the light of the representations made, resulted in the representations to be misleading.

53. The Defendants engaged in an act, practice, or course of business which operated as a fraud against the Plaintiffs as detailed in the preceding paragraphs.

54. As a result of the fraud perpetrated on them by the Defendants, the Plaintiffs lost the entire amount of their principle investment plus interest.

### PREDICATE OFFENSE NO. 3

### SECURITIES FRAUD
### Idaho Code Section 30-14-501

55. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

56. On or between the fall of 2005 and continuing into 2006 the Plaintiffs and Defendants met on several occasions to discuss the investment opportunities outlined above.

57. During the course of those meetings the Defendants made numerous promises to the Plaintiffs. Specifically, that 1) the Plaintiffs would own 30% of IMU S.A.; 2) original stock certificates would be issued to the Plaintiffs; 3) the Plaintiffs would be able to participate in profit sharing; 4) the Plaintiffs would receive a cash flow from the

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 9**

investment; and 5) the Plaintiffs would receive financial reports and other financial benefits if they invested.

58. The Plaintiffs were also told that IMU was well established, had existed for several years, and was on the verge of being purchased by Clear Channel Communications.

59. The Plaintiffs were also promised that a Clear Channel acquisition would result in significant earnings.

60. The Defendants' representations were false.

61. At the time the Defendants made the representations to the Plaintiffs the Defendants knew the statements to be untrue.

62. The representations made by the Defendants were material because the Plaintiffs were investing from a line of credit and the promise of profit sharing in addition to an immediate cash flow was significant in their decision to invest. An ownership interest was also important to the Plaintiffs.

63. The Defendants intended for the Plaintiffs to rely on the misrepresentations and used those false representations to induce the Plaintiffs into investing with IMU.

64. The Plaintiffs did in fact rely on the Defendants' representations in choosing to invest through the Defendants.

65. The Plaintiffs did not know at the time the representations were made that they were false.

66. The Plaintiffs reasonably relied on the representations of the Defendants

67. The Plaintiffs have been injured by the fraud of the Defendants because the Plaintiffs invested $5,500,000 in IMU, through the Defendants, but no original certificates of have been issued, no profit sharing has occurred, no cash flow has been distributed to Plaintiffs as

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 10**

promised, and no information as to the status of the company or invested money have been provided to the Plaintiffs. Consequently, the Plaintiffs have suffered losses in the amount of not less than $5,500,000, the exact amount to be proven at trial.

68. The Defendants made the representations described above as part of a scheme to defraud the Plaintiffs.

69. The representations were material and untrue, and/or the Defendants omitted to disclose material facts that, in the light of the representations made, resulted in the representations to be misleading.

70. The Defendants engaged in an act, practice, or course of business which operated as a fraud against the Plaintiffs as detailed in the preceding paragraphs.

## PREDICATE OFFENSE NO. 4

### GRAND THEFT BY FALSE PROMISE
### Idaho Code Section 18-2403(d)

71. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

72. The Defendants made false and misleading promises concerning investments for Interbrands as detailed above.

73. The Defendants false promises was intended to induce the Plaintiffs to give money to the Defendants for the purpose of investing.

74. The Defendants intended to retain the invested money and not invest the money as promised.

75. The Plaintiffs have been harmed in amount of not less than $500,000, the exact amount to be proven at trial as a result of the Defendants' theft by false promise.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 11**

## PREDICATE OFFENSE NO. 5

### GRAND THEFT BY FALSE PROMISE
### Idaho Code Section 18-2403(d)

76. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

77. The Defendants made false and misleading promises concerning investments for Concepublica as detailed above.

78. The Defendants false promises was intended to induce the Plaintiffs to give money to the Defendants for the purpose of investing.

79. The Defendants intended to retain the invested money and not invest the money as promised. This was evidenced by the Defendants ultimately reselling the shares owed to the Plaintiffs to another investor.

80. The Plaintiffs have been harmed in amount of not less than $3,500,000, the exact amount to be proven at trial as a result of the Defendants' theft by false promise.

## PREDICATE OFFENSE NO. 6

### GRAND THEFT BY FALSE PROMISE
### Idaho Code Section 18-2403(d)

81. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

82. The Defendants made false and misleading promises concerning investments for IMU S.A. as detailed above.

83. The Defendants false promises was intended to induce the Plaintiffs to give money to the Defendants for the purpose of investing.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 12**

84. The Defendants intended to retain the invested money and not invest the money as promised.

85. The Plaintiffs have been harmed in amount of not less than $5,500,000, the exact amount to be proven at trial as a result of the Defendants' theft by false promise.

## COUNT TWO

## FRAUD

86. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

87. The Defendants made numerous promises and representations to the Plaintiffs as detailed in the preceding paragraphs during 2005.

88. The Defendants' promises and representations related to the three proposed investments in Interbrands, Concepublica, and IMU S.A. as detailed in the preceding paragraphs.

89. The Defendants promises and representations of quick and immediate profits were material to the Plaintiffs because the Plaintiffs needed a quick return on their investments as the source of the investments was a line of credit.

90. The Defendants promises and representations were material to the Plaintiffs as the Plaintiffs would not have invested in companies if the Plaintiffs knew the Defendants did not intend to provide original certificates as promised and would fail to provide financial information for the three companies as promised.

91. The Defendants intended the Plaintiffs to rely on their representations as they knew the Plaintiffs wanted ownership and profits and these are the promises made to the Plaintiffs.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 13**

92. The Plaintiffs did in fact rely on the Defendants' representations and the Plaintiffs' reliance at this time was reasonable as nothing had occurred up to this point in time that would cause the Plaintiffs to doubt the honesty of the Defendants.

93. The Plaintiffs were harmed through money invested through the Defendants that was diverted by the Defendants and never invested as promised.

94. The amount of damages is not less than $9,500,000 plus interest, the exact amount to be proven at trial.

## COUNT THREE

## BREACH OF CONTRACT

95. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

96. The Defendants entered into valid, binding and enforceable contracts with the Plaintiffs.

97. The Defendants breached all of their obligations with the Plaintiffs.

98. As a direct and proximate cause of the breach the Plaintiffs have suffered damages in the amount of $9,500,000 plus interest, the exact amount to be proven at trial.

## COUNT FOUR

## DEMAND FOR ACCOUNTING

99. Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if they were fully set forth herein.

100. The Defendants promised that the Plaintiffs would be provided with the financial information concerning their investments in the three companies described above.

101. The Defendants owe the Plaintiffs a fiduciary duty of care including a duty to provide the Plaintiffs with an accounting of where invested funds have gone.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 14**

102. To date the Defendants have failed to provide the Plaintiffs with any explanation or documentation detailing what has become of the $9,500,000 invested through the Defendants by the Plaintiffs. Prior to filing suit, the Plaintiffs have repeatedly requested that the Defendants provide a truthful and accurate accounting of their money. The Defendants have refused to do so.

103. The Plaintiffs demand an accounting of the invested money.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to Idaho Rule of Civil Procedure 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment, Order and Decree as follows:

## AS TO COUNT ONE

1. That the Court award damages against the Defendants in an amount not less than $9,500,000 plus interest at the rate of 9% the exact amount to be determined at trial.

2. That the Court award treble damages pursuant to Idaho Code § 18-7805(a) and (d)(3) in an amount not less than $28,500,000, the exact amount to be determined at trial.

3. That the Court award interest as allowed by law.

4. That the Court award attorneys fees and costs pursuant to Idaho Code §18-7805(a).

5. That the Court enter any other order it deems just.

## AS TO COUNT TWO

6. That the Court award damages against the Defendants in an amount not less than $9,500,000 the exact amount to be determined at trial.

7. That the Court award interest as allowed by law.

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 15**

8. That the Court award attorneys fees and costs pursuant to any applicable case, statute or court rule.

9. That the Court enter any other order it deems just.

## AS TO COUNT THREE

10. That the Court award damages against the Defendants in an amount not less than $9,500,000 the exact amount to be determined at trial.

11. That the Court award interest as allowed by law.

12. That the Court award attorneys fees and costs pursuant to any applicable case, statute or court rule.

13. That the Court enter any other order it deems just.

## AS TO COUNT FOUR

14. That the Court order the Defendants to provide the Plaintiffs with a detailed accounting concerning the invested $9,500,000.

DATED this 17th day of March, 2010.

DENNIS M. CHARNEY / Ryan L. Holdaway
Attorney for Plaintiffs    on behalf of Dennis Charney

**COMPLAINT AND DEMAND FOR A JURY TRIAL - 16**