UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JERRY RAY BARNETT and RICHARD GETTY,

Plaintiffs,

v.

ALFREDO MIGUEL, PEPE MIGUEL, and ALFREDO MIGUEL, JR.,

Defendants.

Case No. 1:10-cv-00440-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court is Defendants' Objection (Dkt. 39) to the Order by the Honorable Larry M. Boyle (Dkt. 33) regarding Plaintiffs' motions for presumed service (Dkts. 10, 17). Also before the Court is Defendants' Motion to Dismiss (Dkt. 43). The Court has determined that oral argument would not significantly assist the decisional process, and will therefore consider the objection and motion without a hearing. Having reviewed the record and pleadings, the Court will vacate the Order (Dkt. 33) and deny Plaintiffs' Motions for Presumed Service. The Court will deny without prejudice, Defendants' Motion to Dismiss, as more fully expressed below.

## BACKGROUND

This case concerns business transactions between Plaintiffs Jerry Ray Barnett and Richard Getty, and Defendants Alfredo Miguel, Pepe Miguel, and Alfredo Miguel, Jr.

Before the transactions at issue in this case, the parties had been involved in other business deals, including investments in the Tamarack ski area, and development of Red Ridge, both near McCall, Idaho. Plaintiffs' action involves investment opportunities in the country of Mexico, with three companies: Interbrands, Concepublica, and IMU. The case was originally filed in state court on March 18, 2010, but was removed to this Court on August 27, 2011. *Compl.* Dkt. 2.

## DISCUSSION

The Court has authority to review pretrial rulings by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Upon a party's timely objection to a magistrate judge's ruling, the Court must "modify or set aside any part" that is contrary to law. Fed. R. Civ. P. 72(a). Defendants here timely objected to the order allowing Plaintiffs to serve Defendants "by certified mail, by email and through its U.S. Counsel." *Order*, Dkt. 33 at 7.

As acknowledged by the parties and in the Order to which Defendants now object, "both Mexico and the United States are signatories to the Hague Convention." *Order*, Dkt. 33 at 3. Accordingly, "service of process on Defendants in Mexico must conform to the requirements of the Hague Convention." *Id.* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)). "The primary means by which service is accomplished under the Convention is through a receiving country's 'Central Authority.'" *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). However,

Article 10 of the Hague Convention permits alternative service of process, including service by mail, provided that "the State of destination does not object." *Id.* (citing Hague Convention, Art. 10). The Federal Rules of Civil Procedure also allow for alternative service, but only if "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

In its objection, Defendants cite to a recent law review article discussing Mexico's objection to Article 10 of the Hague Convention. Charles B. Campbell, *No Sirve: The Invalidity of Service of Process Abroad By Mail Or Private Process Server On Parties In Mexico Under The Hague Convention*, 19 Minn. J. Int'l L. 107 (2010). The article makes clear that Mexico's Central Authority does not permit alternative service. *Id.*

Plaintiffs counter that, under Article 15 of the Hague Convention, the Court may deem service complete even where not accomplished through Mexico's Central Authority, if three conditions are met: (1) the documents to be served were transmitted by a method provided for in the Convention; (2) at least six months has elapsed since the date the documents were transmitted; and (3) no certificate of any kind has been received by the party attempting service, despite reasonable efforts to serve through "the competent authorities of the State addressed." *Pl. Resp.*, Dkt. 45 (citing Hague Convention, Art. 15). Plaintiffs contend that these three conditions have been satisfied through repeated attempts over more than 6 months to submit applications through Mexico's Central Authority. *Pl. Resp.*, Dkt. 45 at 3.

Despite Plaintiffs' obvious frustration with the process for service through Mexico's Central Authority, Plaintiffs have not demonstrated that they fully complied with the requisite process. Nor have Plaintiffs shown that six months have passed since they transmitted documents by an approved method under the Hague Convention. Notably, counsel for Plaintiffs acknowledges receiving letters from Mexico's Central Authority, with instructions to correct deficiencies in his application for service. *Charney Aff.*, Dkt. 12 at 2. Plaintiffs' assertions that they have complied with all requirements, and corrected all deficiencies are conclusory. Ultimately, Plaintiffs have not established that presumption of service under Article 15 is warranted.

Regarding Plaintiffs' waiver argument, the Court finds that the Magistrate Judge properly recognized counsel's limited appearance on behalf of Defendants. Accordingly, the Court here will not find that Defendants' waived service by filing a motion to dismiss.

For these reasons, the Court will not adopt the findings and conclusions from the May 20, 2011 Order (Dkt. 33). On consideration of Defendants' Objection (Dkt. 39), the Court will vacate the Order (Dkt. 33) on Plaintiffs' Motion for Presumed Service (Dkts. 10, 17) and deny that Motion. Plaintiffs are required to serve Defendants with process as required under the Hague Convention, or demonstrate to the Court that the conditions required for presumed service under Article 15 have been established.

Service having yet to be accomplished, the Court will deny without prejudice, Defendants' Motion to Dismiss (Dkt. 43). Upon completion of service, the Court will allow Defendants to re-file their Motion to Dismiss.

**ORDER**

**IT IS ORDERED THAT:**

1. Plaintiffs' Objection (Dkt. 39) to the Order permitting alternative service is GRANTED.

2. The Order (Dkt. 33) is VACATED. On the Court's de novo review of Plaintiffs' Motion for Presumed Service (Dkts. 10, 17), the motions are DENIED. Plaintiffs are directed to effect service by an approved method under Article 10 of the Hague Convention, or demonstrate that Article 15 allowing for presumed service is satisfied, as discussed herein.

3. Defendants' Motion to Dismiss (Dkt. 43) is DENIED without prejudice. Defendants will be permitted to re-file their motion when service upon Defendants has been accomplished.




DATED: October 6, 2011

B. Lynn Winmill
Chief Judge
United States District Court